UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINSURG INTERNATIONAL, INC.,

        Plaintiff,

v.                                 Case No. 8:10-cv-1589-T-33EAJ

FRONTIER DEVICES, INC., et al.,

        Defendants.

_____/

### ORDER

This cause comes before the Court pursuant to the Defendants' Motion to Strike (Doc. # 173), filed on December 17, 2010. Plaintiff Minsurg filed a Response in Opposition on January 7, 2011. (Doc. # 191). In this patent infringement matter, the Defendants move the Court to strike the Second Declaration of Frank Scalfaro (Doc. # 168-2) and the exhibits thereto (Docs. # 168-3 through 168-7), which Minsurg filed in support of its Objection to Judge Jenkins's Report and Recommendation recommending that the Court deny Minsurg's Motion for Preliminary Injunction. For the reasons that follow, this Court grants the Motion to Strike.

## I.   Factual Background

On July 19, 2010, Minsurg filed its Complaint in this matter, (Doc. # 1), and on August 3, 2010, Minsurg moved for a Preliminary Injunction against all of the Defendants, submitting a brief, declarations, and exhibits in support of its request. (Doc. # 9). This Court referred the Motion for Preliminary

Injunction to Judge Jenkins on August 4, 2010, for the issuance of a Report and Recommendation. (Doc. # 17).  The Defendants filed their briefs and evidence in opposition to Minsurg's Motion for Preliminary Injunction on September 1, 2010. (Docs. # 87, 91, 92, 94, 95, 100).  On September 2, 2010, Judge Jenkins denied Minsurg's oral motion to submit a reply brief. (Doc. 103).

On September 16, 2010, Judge Jenkins set the Motion for Preliminary Injunction for a hearing on October 5, 2010.  (Doc. # 115).  The Order provided that "each side (not each party) may supplement its exhibits with one hour of direct examination of witness testimony at the hearing on the issue of likelihood of success on the merits" and that the provisions of Local Rule 4.06(b) applied except where in conflict with the specific provisions set forth in the Order.  Id.  The Order did not provide for the introduction of new documentary exhibits.  Id.

In advance of the hearing, the Defendants allege that the parties exchanged witness and exhibit lists. (Doc. # 173 at 3).  The Defendants objected to Minsurg's exhibit list because it contained several exhibits that Minsurg had not submitted with its Preliminary Injunction papers.  Id.  In the October 1, 2010, joint pre-trial statement, the Defendants voiced their objection to Minsurg's new exhibits to Judge Jenkins. (Doc. # 137 at 44-50).  Additionally, the Defendants filed a Motion for

Clarification regarding Minsurg's right to submit new
evidentiary materials at the Preliminary Injunction hearing.
(Doc. # 136).  The Defendants argued, among other things, that
such submission was impermissible under the Court's pre-trial
order and Local Rule 4.06(b)(2).  Id. at 2.  Judge Jenkins
deferred ruling on the Defendants' Motion for Clarification
until the Preliminary Injunction hearing. (Doc. # 146).

During the October 5, 2010, hearing on the Motion for
Preliminary Injunction, Judge Jenkins addressed the Defendant's
Motion for Clarification, stating:

> Court: [A]s I understand it the response by plaintiff is
> that if plaintiff does introduce any exhibits other than
> those attached to the Motion for Preliminary Injunction, or
> that are otherwise not objected to, that it would do that
> in rebuttal.  Am I correct, Mr. Goldberg?

(Doc. # 168-1 at 10:9-15).  Minsurg's counsel responded:

> Mr. Goldberg:  I believe that's correct, Your Honor. We
> have some demonstrative exhibits which we don't think are
> part of the objection.  But our exhibits are rebuttal
> exhibits depending on what their witnesses say.  That's
> correct, Your Honor.

Id. at 16-20.  Judge Jenkins then stated that she would take up
the matter once she had heard both sides of the case. (Doc. #
168-1 at 10:21-23).  After the Court heard testimony, but before
closing arguments, Judge Jenkins stated:

> [W]e need to talk about the exhibits at some point.  Since
> there was no rebuttal in a sense I think it is appropriate
> to adhere to the expectation that the documentary exhibits
> are those that were stipulated to by the parties or
> otherwise attached to the motion and the response.

Id. at 122:1-7.  Minsurg did not object.  At the conclusion of the proceeding, Judge Jenkins ordered the parties to remove all previously identified "rebuttal" and "conditional rebuttal" exhibits from their exhibit books.  Id. at 186:12-189:5.  The parties complied without objection.  Thereafter, Judge Jenkins denied as moot the Defendants' Motion for Clarification, noting that the "issues raised in the motion were resolved at the October 5, 2010 hearing." (Doc. # 153).

Judge Jenkins issued the Report and Recommendation (Doc. # 158) on November 5, 2010, with the benefit of evidentiary materials from both sides, and almost an entire day of live testimony and oral argument.  She recommended that this Court deny Minsurg's Motion for Preliminary Injunction.  (Doc. # 158 at 1).

By their Motion to Strike, (Doc. # 173), the Defendants submit that Minsurg now offers several pieces of new evidence, not presented to Judge Jenkins, in its Objection to Judge Jenkins's Report and Recommendation.  Particularly, the Defendants take issue with the Second Declaration of Frank Scalfaro, and its supporting exhibits. (Doc. # 168-2 through # 168-7).

II.  **Legal Standard**

Local Rule 4.06, governing Preliminary Injunctions, dictates that "[i]n order to develop a record and the positions

-4-

of the parties in advance of the hearing the following procedure shall apply . . . [s]ervice of <u>all</u> papers and affidavits upon which the moving party intends to rely must be served <u>with the motion</u> . . ." M.D. Fla. R. 4.06(b)(2)(emphasis added).  By the plain language of the rule, absent express permission otherwise, a party must serve on the non-moving parties all evidentiary materials in support of its Motion for Preliminary Injunction at the time it makes the motion.  <u>Id.</u>

"[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." <u>Williams v. McNeil</u>, 557 F.3d 1287, 1292 (11th Cir. 2009), <u>cert. denied</u>, 129 S. Ct. 2747 (U.S. 2009). "[T]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter[,]" invalidating the policy reasons behind the Federal Magistrates Act and frustrating "[s]ystemic efficiencies." <u>Williams</u>, 557 F.3d at 1292.

In <u>Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988), quoted with approval by the Eleventh Circuit in <u>Williams</u>, the court stated, "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation –

shift gears before the district judge." <u>Paterson</u>, 840 F.2d at 991; <u>see also</u> <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987) (cited with approval in <u>Medi-Weightloss Franchising USA, LLC v. Sadek</u>, No. 8:09-cv-2421-T-24-MAP, 2010 WL 1837764, at *2 (M.D. Fla. Apr. 29, 2010)) ("Parties must take before the magistrate, not only their best shot but all of their shots.") (quotation omitted).

Since the Eleventh Circuit decided <u>Williams</u>, the holding in that case has been echoed by several district courts. <u>Medi-Weightloss Franchising USA, LLC</u>, No. 8:09-cv-2421-T-24-MAP, 2010 WL 1837764, at *2 (M.D. Fla. Apr. 29, 2010)(holding that a district court may decline to consider any arguments which were not first raised to the Magistrate); <u>see also</u> <u>Lorentz v. Sunshine Health Prods., Inc.</u>, No. 09-61529-CIV, 2010 WL 3733985, at *1 (S.D. Fla. Sept. 23, 2010) (declining to consider an expert report submitted almost two weeks after the Magistrate Judge issued his report and recommendation); <u>United States v. Clayton</u>, No. 09-60304-CR, 2010 WL 2653449, at *2 (S.D. Fla. July 2, 2010)(declining to consider a party's objections to the Magistrate Judge's report that were "beyond the scope of the issues raised at the evidentiary hearing[.]").

## III. <u>Analysis</u>

In its Response in Opposition to the Motion to Strike, Minsurg submits that it is unfair that Judge Jenkins considered

the declaration of Mark Prevost, M.D. in her Report and Recommendation because Dr. Prevost is one of the owners of NuFix. (Doc. # 191 at 4-5). It argues that it should be able to submit the Second Declaration of Frank Scalfaro, and its supporting exhibits, to apprise the Court of this and other evidence. (Id. at 5).

However, Minsurg did not offer this information in its Motion for Preliminary Injunction, nor during the almost full-day hearing on this matter. A determination of the credibility of a witness is the type of exercise that a Magistrate Judge is well-situated to engage in. It would be wasteful and inefficient for this Court to reopen the record in order to allow Minsurg to attack witness credibility on a paper record. This is especially true considering that several of the witnesses involved, including Dr. Mark Prevost, were listed as potential witnesses, and Judge Jenkins could have had the opportunity to weigh his credibility based on live testimony.

The remainder of Minsurg's Response in Opposition is dedicated to sweeping objections to the Report and Recommendation itself. Judge Jenkins conducted a lengthy hearing and reviewed voluminous documentary evidence and legal arguments submitted by the parties. Minsurg made strategic decisions as to what evidence and arguments to present to Judge Jenkins, first in connection with its initial Motion for

Preliminary Injunction, and then at the hearing.  Minsurg has been, at all relevant times, in possession of the evidence it now proffers and cannot demonstrate any compelling reason why it did not submit that evidence to Judge Jenkins.  Its attempts to submit the evidence at this juncture are unpersuasive.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Strike (Doc. # 173) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of February, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All counsel of record