```
          UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
                 TAMPA DIVISION
```

MINSURG INTERNATIONAL, INC.,

    Plaintiff,
v.                          Case No. 8:10-cv-1589-T-33EAJ

FRONTIER DEVICES, INC., et al.,

    Defendants.
_____/

### ORDER

    This cause comes before the Court pursuant to the November 5, 2010, Report and Recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 158), in which Judge Jenkins recommends that the Court deny Plaintiff Minsurg International's Motion for Preliminary Injunction (Doc. # 9). On December 3, 2010, Minsurg filed its Objection to Judge Jenkins's Report and Recommendation. (Doc. # 168). The Defendants filed individual and joint briefs in opposition to Minsurg's Objection on January 5, 2011. (Docs. ## 186, 187, 188, 189, 190). After careful consideration, the Court adopts the Report and Recommendation.

**I.**  **Factual Background**

    In this patent dispute, Minsurg contends that each Defendant: (1) directly infringed Minsurg's method patent related to spinal facet joint fusion surgery (the '761 Patent), either literally or under the doctrine of

equivalents; (2) knowingly and actively induced infringement; and (3) contributed to infringement. (Doc. # 1 at ¶¶ 101-103, 151-153, 189-191, 226-228, 262-264, 300-302, 338-340, 372-374, 410-412). Minsurg submits that preliminary injunctive relief is necessary because "[e]ach Defendant . . . provid[es] explicit instructions with its bone plug and surgical instrument products for use in spinal facet joint fusion surgery that cause surgeons to directly infringe the surgical methods claimed in . . . [the] '761 Patent." (Doc. # 9 at 2). Minsurg also contends that "Defendants' ongoing sales and marketing activities . . . affirm each Defendant's continued specific intent to induce the direct infringement." Id.

## II. Legal Standard

A district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the

absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## III. Analysis

### 1. Report and Recommendation

With the benefit of evidentiary materials from both sides, and almost an entire day of live testimony and oral argument, Judge Jenkins issued her Report and Recommendation recommending that Minsurg's Motion for Preliminary Injunction be denied. (Doc. # 158). "Defendants do not perform the steps of the process set forth in the '761 Patent," Judge Jenkins explained, "because they do not perform spinal fusion surgeries. Rather, Defendants sell systems used by physicians to perform such surgeries." Id. at 6. Because Defendants sell systems which are used by physicians to perform spinal fusion surgeries, rather than conducting the surgeries themselves, Judge Jenkins found that Minsurg "is not likely to succeed on its claims of direct infringement." Id. at 6.

Next, as to indirect infringement, Judge Jenkins found that the "substantial, non-infringing use of Defendants' systems [namely, use in open incision spinal fusion surgical procedures] precludes their liability" unless there is "evidence of active and willful inducement." Id. at 7. Minsurg failed to provide evidence from a physician confirming

-3-

the use of any of the Defendants' systems in a minimally invasive procedure. Id. As to whether the Defendants' marketing and informational materials demonstrated active and willful inducement, Judge Jenkins noted that Minsurg presented no evidence that any of the Defendants' materials were distributed after the '761 Patent's issuance. Id. at 7-8. Judge Jenkins concluded that the "current record does not establish specific instances of infringement stemming from active and willful inducement or that use of any of Defendants' systems necessarily infringes the '761 Patent." Id. at 8.

Consequently, Judge Jenkins found that it is not likely that Minsurg will succeed on its claims for direct infringement or for induced infringement and contributory infringement, which must be predicated on a finding of direct infringement. Id. She recommended that this Court deny Minsurg's Motion for Preliminary Injunction. Id.

### 2. Objection

A party seeking to challenge the Report and Recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for [the] objection."

Macort v. Prem, Inc., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting Heath v. Jones, 863 F.2d 815, 822 (11th Cir. 1989)). Minsurg's pleading contains four such specific objections to the proposed findings.  This Court has conducted a de novo review of the portions of the Report and Recommendation which describe the specific findings with which Minsurg takes issue, as well as an independent consideration of the relevant portions of the record.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 673 (1980); Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 513 (11th Cir. 1990).

In its Objection, Minsurg submits that the Court should reject Judge Jenkins's Report and Recommendation because the Defendants are "inducing and contributing to the clear direct infringement of [the '761 Patent] by surgeons performing the claimed methods."  (Doc. # 168 at 1).

Minsurg begins by objecting to Judge Jenkins's finding that the "vast majority of spinal fusion surgeries . . . are performed through an open incision" rather than a minimally invasive procedure.  (Doc. # 168 at 2, 18-21).  This finding is unreliable, Minsurg submits, because it is based on the testimony of Defendants' witness Dr. James Macon.  (Doc. # 168 at 2, 19-21).  Minsurg elaborates on the minimally open versus classic open spine surgery dichotomy and alleges that Judge

-5-

Jenkins did not "note" certain testimony and statements as to this difference in the Report and Recommendation. (Doc. # 168 at 12-14).

Although Minsurg disputes whether the "vast majority" of spinal fusion surgeries are performed in an open manner, it does not specifically object to Judge Jenkins's finding that open surgeries are performed and that the Defendants' products therefore have substantial, non-infringing uses. To establish contributory infringement, the patent owner must show: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." Fujitsu Ltd. v. Netgear, Inc., 620 F.3d 1321, 1326 (Fed. Cir. 2010) (citing 35 U.S.C. § 271(c)). Judge Jenkins appropriately concluded that the Defendants' products have substantial non-infringing uses, namely in non-infringing open surgeries. (Doc. # 158 at 7).

Next, stating that "[Judge Jenkins] also recommends against a preliminary injunction based on inducement to infringe," Minsurg asserts that it can prove the underlying direct infringement by circumstantial inference, rather than direct testimony. (Doc. # 168 at 2, 15-18).

-6-

"While it is true that circumstantial evidence may be used to demonstrate direct infringement, the evidence must still indicate that infringement actually occurred. That is, a patentee must 'either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit.'" SRI Int'l v. Internet Sec. Sys., Inc., 647 F. Supp. 2d 323, 336 (D. Del. 2009), aff'd SRI Int'l v. Internet Sec. Sys., Inc., No. 2009-1562, 2009-1575, 2010-1010, 2010 WL 4569946, at *1 (Fed. Cir. Nov. 5, 2010) (quoting ACCO Brands v. ABA Locks Manuf. Co., Ltd., 501 F.3d 1307, 1313 (Fed. Cir. 2007)). "Hypothetical instances of direct infringement are insufficient to establish vicarious liability or indirect infringement." ACCO Brands, 501 F.3d at 1313 (citation omitted). Because Minsurg has not presented substantial evidence that surgeons have used any of the Defendants' products in an infringing manner, Judge Jenkins properly recommended against entry of an injunction.

Third, Minsurg states that it could not provide evidence from a physician confirming the use of any of the Defendants' systems in a minimally invasive procedure because it would be too difficult to obtain such an affidavit or declaration from a surgeon. (Doc. # 168 at 3, 21-24). If infringement among surgeons is an inescapable conclusion, Minsurg should have

been able to timely identify at least one instance of direct infringement. See SRI, 647 F. Supp. 2d at 338 ("[I]f [defendant's] documents encouraged its customers to infringe, it follows that infringement would not be an isolated incident, and plaintiff should have been able to adduce evidence of at least one example of actual infringement.") (citing Lucent Techs., Inc. v. Gateway, Inc., 543 F.3d 710, 723 (Fed. Cir. 2008)).

As Judge Jenkins correctly recognized, even had Minsurg succeeded in proving direct infringement, its claims still would fail for lack of evidence demonstrating that Defendants actively and intentionally induced that infringement. (Doc. # 158 at 8). The "mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." DSU Med. Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1305 (Fed. Cir. 2006) (citations omitted). Minsurg failed to carry its burden of proof on this point.

Finally, Minsurg objects to Judge Jenkins's statement that "whether the [Defendants' instructional and marketing] materials demonstrate active and willful inducement is questionable as: 1) Frontier's and NuFix's materials were not distributed after the '761 Patent issued; and 2) there is no

evidence that any other Defendant's marketing materials were distributed after the patent's issuance." (Doc. # 158 at 7-8). Minsurg argues that Defendants have not established that they have "ceased their inducement of doctors infringing the '761 Patent" by way of these materials. (Doc. # 168 at 25).

Judge Jenkins concluded that Minsurg presented no evidence that any of the Defendants' materials were distributed after the patent's issuance. (Doc. # 158 at 8). It is Minsurg's burden to prove that at least one surgeon performs facet fusion surgery using Defendants' products in a way that violates the '761 Patent. It has failed to carry its burden.

## IV. Conclusion

After careful consideration and independent analysis, the Court determines that it is appropriate to adopt Judge Jenkins's recommendation, and deny Minsurg's Motion for Preliminary Injunction. (Doc. # 9). Upon due consideration of the entire record, including the Report and Recommendation, Objection, and Briefs In Opposition of Minsurg's Objection, the Court adopts the Report and Recommendation and overrules the Objection thereto.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation of Elizabeth A. Jenkins, United States Magistrate Judge (Doc. # 158) is **ACCEPTED and ADOPTED.**

(2) Minsurg's Motion for Preliminary Injunction (Doc. # 9) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of February, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record