UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINSURG INTERNATIONAL, INC.,

        Plaintiff,

v.                                  Case No. 8:10-cv-1589-T-33EAJ

FRONTIER DEVICES, INC., et al.,

        Defendants.

_____/

NUFIX, INC., et al.,

        Plaintiffs,

v.                                  Case No. 8:10-cv-2315-T-33AEP

MINSURG CORPORATION, INC., et al.,

        Defendants.

_____/

**ORDER**

    This matter comes before the Court pursuant to Plaintiffs NuFix, Inc., Nutech Medical, Inc., and Kenneth Horton's Agreed Renewed Motion for Consolidation (Doc. # 48) filed on February 14, 2011, in Case Number 8:10-cv-2315-T-33AEP.  Counsel represents that Minsurg, which the Court concludes means both Minsurg Corporation, Inc. and Minsurg International, Inc., does not oppose the consolidation. (Doc. # 48 at 5).  Upon review of the Motion, as well as Local Rule 1.04(c), and Federal Rule of Civil Procedure 42, which govern the

consolidation of related matters, this Court consolidates Case Number 8:10-cv-2315-T-33AEP with and into <u>Minsurg International, Inc. v. Frontier Devices, Inc., et al.</u>, 8:10-cv-1589-T-33EAJ.

I. **Legal Standard**

Local Rule 1.04(c) states:

If cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with Rule 42. Fed.R.Civ.P., or Rule 13,Fed.R.Cr.P.  The moving party shall file a notice of filing the motion to consolidate, including a copy of the motion to consolidate, in each related case.  If the presiding judge determines that the same magistrate judge should preside in some or all respects in some or all of the consolidated cases, the Clerk shall assign the magistrate judge assigned to the first-filed among the affected cases to preside in that respect in those cases.

M.D. Fla. R. 1.04(c). Rule 42(a), Federal Rule of Civil Procedure, states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Rule 42(a) "vests a purely discretionary power in the district court." <u>In re Air Crash Disaster</u>, 549 F.2d 1006, 1013 (11th Cir. 1977).

**II. Analysis**

NuFix, Inc., Nutech Medical, Inc., and Kenneth Horton have filed a notice of filing the motion to consolidate, including a copy of the motion to consolidate, in each related case. (Doc. # 48; Doc. # 206). As such, they are in compliance with Local Rule 1.04(c). No objections to the Motion have been filed in either Case Number 8:10-cv-1589-T-33EAJ, or 8:10-cv-2315-T-33AEP, and there is no indication that any party objects to the Motion.

The Court determines that Magistrate Judge Jenkins should preside in all respects over these consolidated cases. This matter will proceed under the first-filed <u>Minsurg International, Inc. v. Frontier Devices, Inc., et al.</u>, 8:10-cv-1589-T-33EAJ, over which Judge Jenkins already presides.

Next, NuFix, Inc., Nutech Medical, Inc., and Kenneth Horton submit that consolidation "at least for discovery and pre-trial purposes, would be more economical, efficient, and beneficial to all parties involved." (Doc. # 48 at 4). They have reserved the right to later request a separate trial of their claims. <u>Id.</u> at footnote 1. Pursuant to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-

party claims." At this juncture, this particular issue is not ripe for adjudication. The Court will revisit the issue of whether a separate trial is in order sixty days before the dispositive motion deadline in this matter.[1] At that time, the Court will entertain appropriate motions by the parties.

Under Rule 42(a), if actions before the Court involve a "common question of law or fact," the Court may consolidate the actions. NuFix, Inc., Nutech Medical, Inc., and Kenneth Horton allege that the lawsuits before the Court involve similar parties, particularly the Minsurg parties and the NuFix parties, as well as similar factual and legal issues as to the validity of certain patents related to spinal facet fusion surgery. (Doc. # 48 at 4). The Court has also reviewed the pleadings in both matters and concludes that there is significant factual overlap between the matters. In consideration of the many commonalities between Case Number 8:10-cv-2315-T-33AEP and <u>Minsurg International, Inc. v. Frontier Devices, Inc., et al.</u>, 8:10-cv-1589-T-33EAJ, this Court determines that consolidation of the cases is appropriate. The consolidation of these cases will eliminate the risk of inconsistent adjudications of common factual and

---

[1] The dispositive motion deadline in this matter will be set by separate order.

legal issues.  Further, consolidation will lessen the burden on the parties, witnesses, and available judicial resources. Consolidation will also help eliminate unnecessary repetition and confusion.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

Nutech Medical, Inc., NuFix, Inc., and Kenneth Horton's Agreed Renewed Motion for Consolidation(Doc. # 48) is **GRANTED**. The Clerk is directed to **CONSOLIDATE** case 8:10-cv-2315-T-33AEP with and into case 8:10-cv-1589-T-33EAJ.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of February 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record