UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINSURG INTERNATIONAL, INC.,

    Plaintiff,

v.                        Case No. 8:10-cv-1589-T-33EAJ

FRONTIER DEVICES, INC., et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Osteotech, Inc.'s Motion to Dismiss (Doc. # 84), filed on August 31, 2010, and Defendant VG Innovations, Inc.'s Motion to Dismiss (Doc. # 119), filed on September 21, 2010. Plaintiff Minsurg International, Inc. filed Responses in Opposition on September 17, 2010, and October 8, 2010, respectively. (Docs. ## 116, 149). Osteotech filed a Reply (Doc. # 154), on October 15, 2010.

In this patent infringement dispute, Osteotech and VG request that the Court dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants the Motions in part and denies them in part.

## I. **Legal Standard**

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id.

A plaintiff must plead enough facts to state a plausible basis for the claim. Id.; James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that

2

possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.")  Additionally, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II.  Analysis

In this 71 count complaint, Minsurg asserts seven counts against Osteotech, numbered 19 through 25.  (Doc. # 1 at 34-40).  In count 19, Minsurg submits that Osteotech has directly and indirectly infringed United States Patent No. 7,708,761.  (Doc. # 1 at 34).  In counts 20 and 21, Minsurg submits that Osteotech has directly infringed United States Patents D590,943, and D574,495, respectively.  (Doc. # 1 at 34-36).  Minsurg asserts in count 22 that Osteotech has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (Doc. # 1 at 37-38).  In counts 23 through 25, Minsurg alleges that Osteotech has engaged in unfair competition, tortious interference with business and contractual relationships, and defamation, respectively.  (Doc. # 1 at 38-40).

Minsurg also asserts seven counts against VG, numbered 46 through 52. (Doc. # 1 at 62-68).  In count 46, Minsurg submits

that VG has directly and indirectly infringed United States Patent No. 7,708,761. (Doc. # 1 at 62-63).  In count 47, Minsurg submits that VG has directly infringed United States Patent No. D603,502. (Doc. # 1 at 63-64). Minsurg asserts in count 48 that VG has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  (Doc. # 1 at 64-65).  In counts 49 through 52, Minsurg alleges that VG has engaged in unfair competition, breached the Florida Deceptive and Unfair Trade Practices Act, tortiously interfered with Minsurg's business and contractual relationships, and defamed Minsurg, respectively. (Doc. # 1 at 66-68).

### A.    **Patent Infringement**

Pursuant to McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007), "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."  After Twombly, the Federal Circuit found that an complaint for patent infringement satisfactorily stated a claim where it contained: "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an

4

injunction and damages." Id.

All of Minsurg's claims for patent infringement meet this test. The complaint contains a jurisdictional allegation (Doc. # 1 at 5), as well as statements that Minsurg owns the relevant patents. (Doc. # 1 at 14-16). The complaint describes how Osteotech and VG allegedly infringe the relevant patents (Doc. # 1 at 34-36; Doc. # 1 at 62-64), demands damages and requests that the Court enjoin Osteotech and VG from their infringing acts. (Doc. # 1 at 35-36; Doc. # 1 at 62-64).

Osteotech and VG particularly argue that Minsurg insufficiently pled its indirect infringement theories. (Doc. # 84 at 7-10; Doc. # 119 at 4-10). The Court finds FotoMedia Technologies, LLC v. AOL, LLC, Case No. 2:07-cv-255, 2008 WL 4135906, at *1 (E.D. Tex. Aug. 29, 2008) instructive on this issue. Fotomedia's complaint alleged that the defendants' photo sharing website services indirectly infringed Fotomedia's patents "by, among other things, making, using, selling, offering for sale, or importing photosharing web site services alone or in combination with personal computers, as well as related services." Id. at *2.

According to the Fotomedia defendants, this allegation failed to provide sufficient facts to state a plausible claim

5

for indirect infringement under Twombly. Id. The court disagreed, finding that "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement. The level of detail provided by FotoMedia in its allegations of indirect infringement are similar to those approved by Form 16, [and] the Federal Circuit . . . ." Id.

The court concluded that FotoMedia's allegations were sufficient to state a claim for indirect infringement, and "the appropriate vehicles for clarification of the allegations are the disclosures mandated by the Local Patent Rules and discovery conducted under the Federal Rules of Civil Procedure." Id.; see also Phonometrics, Inc. v. Hospitality Franchise Sys. Inc., 203 F.3d 790, 794 (Fed. Cir. 2000); Rambus v. NVIDIA Corp., No. C08-3343SI, 2008 WL 4911165, at *3 (N.D. Cal. Nov. 13, 2008); PA Advisors, LLC v. Google Inc., No. 2:07-cv-480(DF), 2008 WL 4136426, at *6 (E.D. Tex. Aug. 8, 2008); CBT Flint Partners, LLC v. Goodmail Sys., Inc., 529 F. Supp. 2d 1376, 1378-80 (N.D. Ga. 2007).

Minsurg's indirect infringement allegations as to the '761 Patent bear a remarkable similarity to the allegations the Fotomedia court determined were sufficient to state a

6

claim for indirect infringement. As to Osteotech, Minsurg submits that "Osteotech offers the FacetLinx surgical system and trains practitioners in its use to perform surgical techniques embodying the patented invention." (Doc. # 1 at 34). In addition, Minsurg alleges that Osteotech indirectly infringes the '761 Patent: (i) by causing others to manufacture, or by encouraging others to offer to sell, sell, or use, surgical techniques which embody the patented invention; and (ii) by offering to sell or selling a material or apparatus for use in "practicing processes embodied" in the '761 Patent. (Doc. # 1 at 34).

As to VG and the '761 Patent, Minsurg states that "VG[] offers the VerteLoc and DISMISS surgical systems and trains practitioners in its use to perform surgical techniques embodying the patented invention." (Doc. # 1 at 62). Minsurg also submits that VG: (i) caused others to manufacture, or encouraged others to offer to sell, sell, or use, surgical techniques which embody the patented invention; and (ii) offered to sell or sold a material or apparatus for use in "practicing processes embodied" in the '761 Patent. (Doc. # 1 at 62).

This Court thus concludes that Minsurg has provided Osteotech and VG with "fair notice of what the . . . claim is

7

and the grounds upon which it rests" both as to its direct and indirect patent infringement claims. Erickson v. Pardus, 551 U.S. 89, 93 (2007)(quoting Twombly, 550 U.S. 544, 545)). Osteotech and VG's Motions as to Minsurg's infringement claims are therefore denied.

**B.   Lanham Act**

Osteotech and VG submit that the Court should dismiss Minsurg's claims against them under the Lanham Act, 15 U.S.C. § 1125(a). (Doc. # 84 at 10-13; Doc. # 119 at 12-16 ). The Lanham Act reaches false statements that occur "in commercial advertising or promotion." 15 U.S.C. § 1125(a)(1)(B). "To be actionable under the Lanham Act, the speech at issue must be commercial in nature." Futuristic Fences, Inc. v. Illusion Fence, Corp., 558 F. Supp. 2d 1270, 1279 (S.D. Fla. 2008). "[C]ommercial speech encompasses not merely direct invitations to trade, but also communications designed to advance business interests . . . ." Kleiner v. First Nat'l Bank, 751 F.2d 1193, 1204 n. 22 (11th Cir. 1985).

First, Osteotech and VG argue that Minsurg's complaint has not alleged sufficient facts to show that the statements were commercial advertising or promotion within the meaning of the Lanham Act. (Doc. # 84 at 10-13; Doc. # 119 at 12-15). At least three district courts in the Eleventh Circuit have

8

applied the four-part test set forth in Gordon & Breach Science Publishers, S.A. v. America Institute of Physics, 859 F. Supp. 1521, 1535-36 (S.D.N.Y. 1994) to determine whether a statement is commercial advertising or promotion. See Futuristic Fences, 558 F. Supp. 2d at 1279; Alphamed Pharms. Corp. v. Arriva Pharms., Inc., 391 F. Supp. 2d 1148, 1164 (S.D. Fla. 2005); Optimum Techs., Inc. v. Home Depot USA, Inc., No. 1:04-cv-3260-TWT, 2005 WL 3307508, at *5 (N.D. Ga. Dec. 2, 2005). Under the Gordon & Breach test, a false statement constitutes commercial advertising or promotion where the statement is

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

Gordon & Breach, 859 F. Supp. 1536-37.

Osteotech's alleged statements go to the post-operative failure rate of Minsurg's medical product, the alleged inferiority of Minsurg's allograft bone plug, the breadth of the '761 Patent, and the permissible uses of Osteotech's surgical system. (Doc. # 1 at 37). VG's alleged statements

9

are the same, except that they refer to the superiority of VG's particular surgical system. (Doc. # 1 at 65).

These statements "indubitably amount[] to speech of a commercial bent," as opposed to social or political speech, and when taken as true, indicate that Osteotech and VG, competitors with Minsurg in the business of devising systems and products for treating facet joint disorders, intended to influence customers to buy their products rather than Minsurg's products. Kleiner, 751 F.2d at 1204 n. 22; (Doc. # 1 at 13-14; 37-38; 64-65). Thus, factors one, two and three in the Gordon & Breach test are satisfied by the allegations in the complaint. See Gordon & Breach, 859 F. Supp. at 1536-37.

However, the complaint fails to allege that Osteotech and VG's communications have been disseminated to the relevant purchasing public, the fourth factor in the Gordon & Breach test. Id. While Minsurg accurately argues that the requisite level of circulation and the relevant purchasing public will vary according to the industry, Minsurg simply fails to state: (i) to whom the false advertisements were made; and (ii) the alleged breadth of the dissemination. Porous Media Corp. v. Pall Corp., 173 F.3d 1109, 1121 (8th Cir. 1999); Seven-Up Co. v. Coca Cola Co., 86 F.3d 1379, 1385 (5th Cir. 1996). In

addition, while Minsurg alleges that Osteotech and VG have "falsely advertised" the statements, it fails to provide even the most minimal of facts to show how the alleged statements are, in fact, false. Based on the foregoing deficiencies, count 22 as to Osteotech and count 48 as to VG are dismissed without prejudice with leave to refile.

### C.  Common Law Unfair Competition

In count 23 against Osteotech and count 49 against VG, Minsurg attempts to allege unfair competition as a Florida common law counterpart to its Lanham Act false advertising claim. (Doc. # 116 at 15; Doc. # 149 at 15). To state a claim for unfair competition under Florida common law, the plaintiff must allege "(1) deceptive or fraudulent conduct of a competitor; and (2) likelihood of consumer confusion." Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005)(citing Monsanto Co. v. Campuzano, 206 F. Supp. 1252, 1267 (S.D. Fla. 2002)(citing M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1493-94 (11th Cir. 1990)).

As to both Osteotech and VG, the complaint minimally states that the Defendants "engaged in unfair competition under the common law of the State of Florida by, among other things, conducting the acts recited herein." (Doc. # 1 at 38; 66). Here, as in its claims under the Lanham Act, Minsurg has

11

failed to allege any facts as to the falsity or deceptiveness of Osteotech and VG's alleged conduct. See Twombly, 550 U.S. at 555 (plaintiff must plead enough facts to state a plausible basis for the claim). In addition, Minsurg failed to allege a likelihood of consumer confusion. Whitney, 353 F. Supp. 1208 at 1212. Based on the foregoing, Minsurg failed to state a claim for unfair competition under Florida law. See id. Counts 23 as to Osteotech and 49 as to VG are therefore dismissed without prejudice with leave to refile.

**D.    Florida Deceptive and Unfair Trade Practices Act**

Minsurg purports to allege in count 50 a cause of action against VG for breach of Florida's Deceptive and Unfair Trade Practices Act. (Doc. # 1 at 66). In order to state a Florida Deceptive and Unfair Trade Practices Act claim, a party must allege three elements: (i) a deceptive or unfair practice; (ii) causation; and (iii) actual damages. Siever v. BWGaskets, Inc., 669 F. Supp. 2d 1286, 1292 (M.D. Fla. 2009). While Minsurg provides a bare-bones recitation of the statutory elements of the Florida Deceptive and Unfair Trade Practices Act, it fails to provide any supporting facts as to VG's alleged deceptive or unfair practice. (Doc. # 1 at 66). Under Twombly, "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

12

Because Minsurg provides nothing more than the bare elements of a Florida Deceptive and Unfair Trade Practices Act claim, count 50 is dismissed with leave to refile.

### E. Tortious Interference

In counts 24 and 51, Minsurg alleges that Osteotech and VG were "fully aware of [Minsurg's] business and contractual relationships and with that knowledge intentionally and without justification interfered with those relationships." (Doc. # 1 at 39, 67). In order to properly plead a claim for tortious interference with a contractual or business relationship under Florida law, a plaintiff must assert:

> (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff.

Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152, 1154 (11th Cir. 2001)(quoting Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994)); Burger King Corp. v. Ashland Equities, Inc., 161 F. Supp. 2d 1331, 1336 (S.D. Fla. 2001).

Here, the complaint lacks any factual allegations as to: (i) how Osteotech or VG knew about Minsurg's business relationships; or (ii) how the Defendants interfered with

13

those relationships. Claims which are merely "threadbare recitation[s]" of the elements of a cause of action can no longer survive a motion to dismiss. Iqbal, 129 S. Ct. at 1949. Based on these omissions, counts 24 and 51 are dismissed without prejudice with leave to refile.

**F.  Defamation**

Minsurg asserts a claim for defamation against Osteotech and VG in counts 25 and 52, respectively. In order to properly plead a claim for defamation, a plaintiff must allege that "(1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) the falsity of the statement caused injury to plaintiff." Border Collie Rescue, Inc. v. Ryan, 418 F. Supp. 2d 1330, 1348 (M.D. Fla. 2006)(citing Bass v. Rivera, 826 So. 2d 534, 534 (Fla. 2d DCA 2002)).

A plaintiff must plead enough facts to state a plausible basis for the claim. Twombly, 550 U.S. at 555 (2007). Here, the complaint lacks any supporting facts regarding the falsity of these alleged statements. While Minsurg alleges that Osteotech and VG "made false statements to persons other than" Minsurg regarding the allegedly inferiority of Minsurg's allograft bone plug, the postoperative failure rate of Minsurg's surgical system, and the breadth of the '761 Patent,

14

the complaint provides no factual support for its conclusion that these statements are, in fact, false. (Doc. # 1 at 39, 67). Hallmark Builders, Inc. v. Gaylord Broad. Co., 733 F.2d 1461, 1464 (11th Cir. 1984)("A false statement of fact is the *sine qua non* for recovery in a defamation action.")(quoting Byrd v. Hustler Magazine, Inc., 433 So. 2d 593, 594 (Fla. 4th DCA 1983).

In addition, the complaint fails to allege any facts as to who published the statements, to whom the statements were published, or the time frame within which the statements occurred. Miller v. Support Collection Unit Westchester Cnty., No. 8:09-cv-1898-T-27AEP, 2010 WL 767043, at *6 (M.D. Fla. Mar. 5, 2010)(dismissing defamation claim based on lack of factual allegations); Asa Accugrade, Inc. v. Am. Numismatic Ass'n., No. 6:05-cv-1285-Orl-19DAB, 2006 WL 1640698, at *10 (M.D. Fla. 2006)("[A] plaintiff must link a particular remark to a particular defendant, and specifically identify the persons to whom the allegedly defamatory comments were made, as well as provide a time frame when such statements were made.")(internal quotations omitted)); Fowler v. Taco Viva, Inc., 646 F. Supp. 152, 157-58 (S.D. Fla. 1986)(explaining that "the [p]laintiff must allege certain facts such as the identity of the speaker, a description of the statement, and

15

provide a time frame within which the publication occurred.")

Based on the foregoing analysis, Minsurg's defamation counts as to Osteotech and VG fail to state a claim on which relief may be granted.  Counts 25 and 52 are therefore dismissed without prejudice with leave to refile.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Defendants' Motions (Docs. ## 84, 119) as to Minsurg's infringement claims are **DENIED**.

(2) The Defendants' Motions (Docs. ## 84, 119) as to Minsurg's claims under the Lanham Act are **GRANTED**.  Count 22 as to Osteotech and count 48 as to VG are dismissed without prejudice with leave to refile.

(3) The Defendants' Motions (Docs. ## 84, 119) as to Minsurg's claims based on unfair competition are **GRANTED**.  Count 23 as to Osteotech and count 49 as to VG are dismissed without prejudice with leave to refile.

(4) VG's Motion (Doc. # 119) as to Minsurg's claim under Florida's Deceptive and Unfair Trade Practices Act is **GRANTED**.  Count 50 is dismissed without prejudice with leave to refile.

(5) The Defendants' Motions (Docs. ## 84, 119) as to

    Minsurg's claims based on tortious interference with a contractual or business relationship are **GRANTED**. Count 24 as to Osteotech and 51 as to VG are dismissed without prejudice with leave to refile.

(6) The Defendants' Motions (Docs. ## 84, 119) as to Minsurg's claims for defamation are **GRANTED**. Count 25 as to Osteotech and 52 as to VG are dismissed without prejudice with leave to refile.

(7) Osteotech's Request for Oral Argument (Doc. # 108) is **DENIED AS MOOT**.

(8) Minsurg may file an amended complaint, if it so chooses, on or before April 26, 2011.

    **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>6th</u> day of April, 2011.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record