```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

MINSURG INTERNATIONAL, INC.,

    Plaintiff,

v.                                  Case No. 8:10-cv-1589-T-33EAJ

FRONTIER DEVICES, INC., et al.,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon consideration of Plaintiff Minsurg International, Inc.'s Motion to Dismiss the First, Third, and Fourth Counterclaims of Defendant Facet Fusion Technologies, LLC. (Doc. # 126), filed on September 27, 2010. Facet Fusion filed a Response in Opposition (Doc. # 152) on October 14, 2010. In this patent infringement dispute, Minsurg requests that the Court dismiss Facet Fusion's counterclaims I, III, and IV pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies the Motion, except as described below regarding Facet Fusion's counterclaim for inequitable conduct.

**I.**    **Factual Background**

In this patent dispute, Facet Fusion asserts four counterclaims against Minsurg. (Doc. # 104 at 71-75). Minsurg challenges counterclaims I, III, and IV. (Doc. #

126). In counterclaim I, Facet Fusion seeks a declaration that the '761 Patent is unenforceable "based on the inequitable conduct by [Minsurg], through its intent to deceive or mislead the [Patent and Trademark Office] by withholding material information from the Examiner." (Doc. # 104 at 72).

Particularly, Facet Fusion submits that Minsurg "knew of prior art relating to the use of arthroscopic type portals in connection with minimally invasive surgery and failed to disclose such prior art to the [Patent and Trademark Office] in connection with [Minsurg's] prosecution of the '761 Patent." Id. at 71. This information was material, Facet Fusion claims, to the Patent and Trademark Office's examination of the application which ultimately issued as the '761 Patent. Id. Facet Fusion alleges that Minsurg "intentionally withheld the prior art relating to the use of arthroscopic portals from the Examiner in order to deceive or mislead the Examiner." Id. at 72.

In counterclaim III, Facet Fusion seeks a declaration that the '761 Patent is invalid for "failing to comply with the provisions of the Patent Laws, including one or more of 35 U.S.C. §§ 102, 103, 112, 115 and 116." Id. at 73. In support of its claim, Facet Fusion specifies that the '761 Patent, and

2

each claim thereof, is invalid: (i) "for failing to comply with the provisions of 35 U.S.C. §§ 102 because they are anticipated by the prior art;" (ii) "for failing to comply with the provisions of 35 U.S.C. §§ 103 because they are obvious to persons of ordinary skill in light of the prior art;" and (iii) "for failing to meet the written description requirements, enablement requirements, or best mode requirements of 35 U.S.C. § 112 and that section's requirement that the claims particularly point out and distinctly claim the subject matter that the applicant regards as the invention." Id. at 73-74.

Finally, in counterclaim IV, Facet Fusion requests a declaration that Minsurg "has no reasonable basis for filing the present suit against Facet Fusion. This suit thus qualifies as an exceptional case under 35 U.S.C. § 285, and Facet Fusion is entitled to attorneys' fees once it is adjudicated to be the prevailing party." Id. at 74.

## II. Legal Standard

A complaint or counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a

3

complaint or counterclaim as true and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted).

A plaintiff must plead enough facts to state a plausible basis for the claim. Id.; James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.") Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

4

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**III. Analysis**

    **A.   Inequitable Conduct**

In counterclaim I, Facet Fusion requests a declaration that the '761 Patent is unenforceable based on Minsurg's inequitable conduct. (Doc. # 104 at 71-72). According to Facet Fusion's pleading, Minsurg intended to deceive or mislead the United States Patent and Trademark Office by intentionally withholding allegedly material information regarding prior art from the Examiner. Id. Facet Fusion submits that the alleged prior art relates "to the use of arthroscopic type portals in connection with minimally invasive surgery." Id. at 71. Minsurg contends that Facet Fusion failed to plead this counterclaim with sufficient particularity. (Doc. # 126 at 4). For the reasons stated below, the Court agrees.

Claims or counterclaims alleging inequitable conduct are subject to Federal Rule of Civil Procedure 9(b). Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1328 (Fed. Cir. 2009). The Exergen court explained that in order to plead
> inequitable conduct with the requisite

5

>particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office]. Moreover, although knowledge and intent may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [Patent and Trademark Office].

Id. at 1328-29 (internal quotations omitted).

Counterclaim I fails to specifically identify who knowingly and purposefully withheld the allegedly material information regarding the prior art. (See Doc. # 104 at 71-72). Instead, Facet Fusion alleges that the inequitable conduct was committed by Minsurg generally. Id.; see Exergen, 575 F.3d at 1329 (reasoning that the counterclaim failed in part because it referred generally to "Exergen, its agents and/or attorneys" but "fail[ed] to name the specific individual associated with the filing or prosecution of the application issuing as the . . . patent, who both knew of the material information and deliberately withheld or misrepresented it.")

This factual deficiency is "fatal under Rule 9(b)." Id. at 1330. However, the Court notes that in Facet Fusion's

6

Response, Facet Fusion specifically identifies an individual who it alleges committed the inequitable conduct. (Doc. # 152 at 3). In order to allow Facet Fusion an opportunity to amend its counterclaim to include this information, the Court dismisses counterclaim I without prejudice, with leave to refile.

**B.     Invalidity**

Minsurg contends that the Court should dismiss Facet Fusion's counterclaim III pursuant to Rule 12(b)(6) because Facet Fusion has not met the pleading requirements of the Federal Rules of Civil Procedure. (Doc. # 126 at 5-8). Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the opposing party is given "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Facet Fusion's invalidity counterclaim satisfies this standard.

Facet Fusion seeks a declaration that the '761 Patent is invalid: (i) "for failing to comply with the provisions of 35 U.S.C. §§ 102 because they are anticipated by the prior art;" (ii) "for failing to comply with the provisions of 35 U.S.C. §§ 103 because they are obvious to persons of ordinary skill

7

in light of the prior art;" and (iii) "for failing to meet the written description requirements, enablement requirements, or best mode requirements of 35 U.S.C. § 112 and that section's requirement that the claims particularly point out and distinctly claim the subject matter that the applicant regards as the invention." (Doc. # 104 at 73-74).

Allegations similar to those at issue have withstood challenges under Rule 12(b)(6). In Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1286 (S.D. Fla. 2007), a patent infringement dispute, the court examined Home Depot's counterclaims in the context of a Rule 12(b)(6) motion. Id. at 1290. In its second counterclaim, Home Depot alleged that the patent at issue was "invalid for one or more of the following reasons: [several statutory grounds for invalidity]" and prayed for a declaratory judgment that the patent was invalid. Id.

In denying the plaintiff's motion to dismiss, the Boldstar court concluded that Home Depot's counterclaim "effectively apprise[d]" the plaintiffs of the grounds of Home Depot's allegations. Id. at 1291. The court reasoned that the counterclaim was "brief but clear" and the plaintiffs could "reasonably be required to frame a response." Id.; see Pfizer Inc. v. Apotex Inc., 726 F. Supp. 2d 921, 937-38 (N.D.

Ill. 2010)(finding that the singular allegation that the patents at issue were "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" satisfied Rule 8 and was sufficient to put the plaintiff on notice of the invalidity claim).

The counterclaim at issue is very similar to those alleged in the Boldstar and Pfizer cases. In its counterclaim, albeit succinctly, Facet Fusion provides notice to Minsurg that it contends that the '761 Patent is invalid. This Court concludes that this counterclaim puts Minsurg on notice of Facet Fusions's claim of invalidity, and therefore is not subject to dismissal for failure to state a claim.

### C. Attorneys' Fees

Facet Fusion requests a declaration in counterclaim IV that "[t]his suit qualifies as an exceptional case under 35 U.S.C. § 285" such that "Facet Fusion is entitled to attorneys' fees once it is adjudicated to be the prevailing party." (Doc. # 104 at 74). However, in its Response, Facet Fusion withdraws this counterclaim. (Doc. # 152 at 5). Thus, the Court denies Minsurg's Motion as to counterclaim IV as moot.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Minsurg's Motion (Doc. # 126) as to Facet Fusion's counterclaim I is **GRANTED**. Facet Fusion's counterclaim I is dismissed without prejudice, with leave to refile. Facet Fusion may file an amended counterclaim, if it so chooses, on or before April 27, 2011.

(2) Minsurg's Motion (Doc. # 126) as to Facet Fusion's counterclaim III is **DENIED**.

(3) Minsurg's Motion (Doc. # 126) as to Facet Fusion's counterclaim IV is **DENIED AS MOOT**. Per Facet Fusion's Response, counterclaim IV is withdrawn from this matter.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of April, 2011.

                                                        _____
                                                        VIRGINIA M. HERNANDEZ COVINGTON
                                                        UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

10