```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

MINSURG INTERNATIONAL, INC.,

    Plaintiff,

v.                        Case No. 8:10-cv-1589-T-33EAJ

FRONTIER DEVICES, INC., et al.,

    Defendants.

_____/

**ORDER**

    This matter comes before the Court upon consideration of Plaintiff Minsurg International, Inc.'s Motion to Dismiss the Counterclaims of Defendant Bacterin International, Inc. (Doc. # 109) filed on September 8, 2010. Bacterin filed a Response in Opposition (Doc. # 121) on September 22, 2010. In this patent infringement dispute, Minsurg requests that the Court dismiss Bacterin's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court denies the Motion, except as described below regarding Bacterin's counterclaim for inequitable conduct.

**I.**    **Factual Background**

    Bacterin asserts five counterclaims against Minsurg in this patent dispute. (Doc. # 36 at 12-18). In counterclaims I and II, Bacterin seeks declarations that it does not and has not infringed the '761 Patent and 'D502 Patent. Id. at 13-14.

In counterclaims III and IV, Bacterin seeks a declaration that the '761 and 'D502 Patents are invalid for a variety of reasons. Id. at 14-15. In counterclaim V, Bacterin requests a declaration that the claims of the '761 Patent are unenforceable due to inequitable conduct, "as set forth in Bacterin's Eighth Affirmative Defense." Id. at 17. There, Bacterin alleges that the claims of the '761 Patent are unenforceable due to the inequitable conduct of "the inventors, the assignee, the attorneys, and/or others substantively involved in the prosecution of the application . . . for the '761 Patent before the U.S. Patent and Trademark Office." Id. at 10.

In support of its inequitable conduct contention, Bacterin submits that one or more of the applicants substituted a new specification into U.S. Application Serial No. 11/232,519, which was later issued as the '761 Patent. Id. at 11. According to Bacterin's pleading, the applicants "knowingly and purposefully withheld the fact" that the specification constituted new matter, which was material information as to the patentability of the pending and issued claims of the '761 Patent. Id.

## II. Legal Standard

A complaint or counterclaim must contain "a short and

2

plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint or counterclaim as true and construe them in the light most favorable to the plaintiff. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1269 (11th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citations omitted).

A plaintiff must plead enough facts to state a plausible basis for the claim. Id.; James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) ("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that

3

possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.") Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

### III. Analysis

#### A. Noninfringement and Invalidity

Minsurg contends that the Court should dismiss Bacterin's non-infringement and invalidity counterclaims (Counts I, II, III, and IV) pursuant to Rule 12(b)(6) because Bacterin has not met the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the opposing party is given "fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. Bacterin's non-infringement and invalidity counterclaims satisfy this standard.

Bacterin's non-infringement counterclaims (Counts I and II) state that Bacterin does not and has not infringed any valid claim of the '761 and 'D502 Patents. (Doc. # 36 at 13-

4

14). Bacterin's invalidity counterclaims (Counts III and IV) allege that the patents are invalid for a plethora of reasons, including failure to comply with one or more of the conditions of patentability set forth in part II of Title 35 of the United States Code, anticipation or obviousness in light of the prior art, failure to comply with the written description requirements of Title 35, section 112, failure to meet the enablement requirements of Title 35, section 112, and failure to meet the best mode requirements of Title 35, section 112. Id. at 14-16.

Minsurg has the burden of proof as to infringement of the patents. See Under Sea Indust., Inc. v. Dacor Corp., 833 F.2d 1551, 1557 (Fed. Cir. 1987)("The burden always is on the patentee to show infringement"); Schinzing v. Mid-States Stainless, Inc., 415 F.3d 807, 814 (8th Cir. 2005) (where defendant counterclaimed for a declaratory judgment of non-infringement, patent holder "was obligated to counterclaim for infringement and had the burden to show infringement").

Allegations similar to those at issue have withstood challenges under Rule 12(b)(6). In Boldstar Technical, LLC v. Home Depot, Inc., 517 F. Supp. 2d 1283, 1286 (S.D. Fla. 2007), a patent infringement dispute, the court examined Home Depot's counterclaims in the context of a Rule 12(b)(6) motion. Id.

5

at 1290. Home Depot counterclaimed for a declaration of noninfringement and stated: "Home Depot has not infringed and is not infringing the '039 patent or any claim thereof either directly, contributorily, by inducement, or otherwise." Id. In its second counterclaim, Home Depot alleged that the patent at issue was "invalid for one or more of the following reasons: [several statutory grounds for invalidity]" and prayed for a declaratory judgment that the patent was invalid. Id.

In denying the plaintiff's motion to dismiss, the Boldstar court concluded that Home Depot's counterclaims "effectively apprise[d]" the plaintiffs of the grounds of Home Depot's allegations. Id. at 1291. The court reasoned that the counterclaims were "brief but clear" and the plaintiffs could "reasonably be required to frame a response." Id.; see Pfizer Inc. v. Apotex Inc., 726 F. Supp. 2d 921, 937-38 (N.D. Ill. 2010)(finding that the singular allegation that the patent at issue was "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code" satisfied Rule 8 and was sufficient to put the plaintiff on notice of the invalidity claim); Elan Pharma Int'l Ltd. v. Lupin Ltd., No. 09-1008, 2010 WL 1372316, at *4 (D.N.J. Mar. 31, 2010) (concluding that non-infringement

6

counterclaims which simply averred that the defendant's product did not infringe the listed patents satisfied Rule 8(a) and put the plaintiff on full notice of the defendant's claims of non-infringement).

The counterclaims at issue are very similar to those alleged in the Boldstar, Pfizer and Elan cases. Bacterin, in its counterclaims, provides notice to Minsurg that it contends that its products do not violate Minsurg's patents and that the patents are invalid. This Court concludes that the counterclaims put Minsurg on notice of Bacterin's claims of non-infringement and invalidity, and therefore are not subject to dismissal for failure to state a claim.

### B. Inequitable Conduct

In counterclaim V, Bacterin requests a declaration that the claims of the '761 Patent are unenforceable due to the inequitable conduct of "the inventors, the assignee, the attorneys, and/or others substantively involved in the prosecution of the application . . . for the '761 Patent before the U.S. Patent and Trademark Office." (Doc. # 36 at 10, 17). Bacterin submits that one of more of the applicants substituted a new specification into U.S. Application Serial No. 11/232,519, which later issued as the '761 Patent. Id. at 11.

7

According to Bacterin's pleading, the applicants "knowingly and purposefully withheld the fact" that the specification constituted new matter, which was material information as to the patentability of the pending and issued claims of the '761 Patent. Id. Minsurg contends that Bacterin failed to plead this counterclaim with sufficient particularity. (Doc. # 109 at 11). For the reasons stated below, the Court agrees.

Claims or counterclaims alleging inequitable conduct are subject to Federal Rule of Civil Procedure 9(b). Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1328 (Fed. Cir. 2009). The Exergen court explained that in order to plead

> inequitable conduct with the requisite particularity under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the [Patent and Trademark Office]. Moreover, although knowledge and intent may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the [Patent and Trademark Office].

Id. at 1328-29 (internal quotations omitted).

Counterclaim V fails to specifically identify who knowingly and purposefully withheld the fact that the

8

specification constituted new matter. See Exergen at 1329 (reasoning that the counterclaim failed in part because it referred generally to "Exergen, its agents and/or attorneys" but "fail[ed] to name the specific individual associated with the filing or prosecution of the application issuing as the . . . patent, who both knew of the material information and deliberately withheld or misrepresented it.") This factual deficiency is "fatal under Rule 9(b)." Id. at 1330.

Based on the foregoing analysis, Bacterin's inequitable conduct counterclaim fails to state a claim under the heightened Rule 9(b) pleading standard. The Court therefore dismisses this counterclaim without prejudice, with leave to refile.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Minsurg's Motion (Doc. # 109) as to Bacterin's counterclaims I, II, III, and IV is **DENIED.**

(2) Minsurg's Motion (Doc. # 109) as to Bacterin's counterclaim V is **GRANTED.**

(3) Bacterin's counterclaim V is dismissed without prejudice, with leave to refile.

(4) Bacterin may file an amended counterclaim, if it so chooses, on or before April 27, 2011.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of April, 2011.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record